```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        PARKERSBURG

CORNELIUS TUCKER,

        Plaintiff,

v.                                  Case No. 6:06-cv-00071

DARRELL HARPER,

        Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket sheet document # 2). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On or about January 26, 2006, Plaintiff filed a complaint in the Magistrate Court of Wood County, West Virginia, alleging that Defendant, an employee of the United States Department of Treasury, has misappropriated, converted, commingled or extorted for his own use $1,500 of security notes owned by Plaintiff, an individual presently incarcerated in the State of North Carolina.

On February 1, 2006, the United States Attorney's Office for the Southern District of West Virginia removed the case to this court, pursuant to 28 U.S.C. § 1442(a)(1), asserting that the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671-2680,

provides the exclusive remedy for alleged common law tort claims against the United States. (# 1). The Notice of Removal further asserts that this federal district court has original jurisdiction over claims asserted under the FTCA. 28 U.S.C. § 1346(b). (Id.)

On February 1, 2006, the United States also filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 2) and a Memorandum of Law in support thereof (# 3). The motion and memorandum assert that the sovereign immunity of the United States and the doctrine of derivative jurisdiction deprive this court of subject matter jurisdiction. (# 2 at 1; # 3 at 1-2). Specifically, the memorandum states:

> Because the district court has original jurisdiction over tort claims against the United States, 28 U.S.C. § 1346(b), derivative jurisdiction is the controlling rule of law in the Fourth Circuit for removals pursuant to 28 U.S.C. § 1442(a)(1), and deprives the federal court of jurisdiction on removal. Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998), cert. denied, 528 U.S. 826 (1999). As the court held in Smith:
>
>> It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction. [citation omitted] 159 F.3d at 879.
>
> Accordingly, because the United States has retained its sovereign immunity from suit in state court for the torts alleged by plaintiff, the state court had no jurisdiction over the United States when the complaint was filed and the district court acquired none upon removal.

(# 3 at 1-2).

The United States also cites to a recent decision issued by the Honorable Joseph R. Goodwin, United States District Judge, who is also the presiding judge in this matter. In <u>Bradshaw v. Town of Ceredo, et al.</u>, Case No. 2:05-cv-00644 (S.D. W. Va., Oct. 7, 2005), Judge Goodwin granted a Motion to Dismiss filed by the United States Army Corps of Engineers on this same basis. The Memorandum Opinion and Order states as follows:

> When a case is removed under 28 U.S.C. § 1442(a)(1), the federal court acquires the same jurisdiction over the suit that the state court had; in other words, the federal court's jurisdiction is derivative of the state court's jurisdiction. <u>Smith v. Cromer</u>, 159 F.3d 875, 879 (4th Cir. 1998). If the state court lacked jurisdiction over the subject matter of the parties, then the federal court acquires none when the action is removed, even if the federal court would have had jurisdiction in the matter had it been brought originally in federal court. <u>Minnesota v. United States</u>, 305 U.S. 382, 389 (1939). Because this action was removed under § 1442(a)(1), the court first must determine whether the state court from which the action was removed had subject matter jurisdiction. If the state court lacked jurisdiction over the plaintiff's claim against the Corps, then the claim against the Corps must be dismissed. See <u>Franchise Tax Bd. v. Constr. Laborers Vac. Trust</u>, 463 U.S. 1, 24 n.27 (1983)(explaining dismissal of a claim is proper when derivative jurisdiction prevents district court from gaining subject matter jurisdiction over the claim).
>
> The Federal Tort Claims Act vests exclusive jurisdiction for tort claims against the United States in federal district courts. 28 U.S.C. § 1346 (2000). Thus, the West Virginia state court in this case did not have jurisdiction to decide the claim against the Corps. Accordingly, this court lacks subject matter jurisdiction over the claim because the claim was removed to this court based on the derivative jurisdiction of the state court. See <u>Bailey v. Alan Stone Co.</u>, 1:04-cv-33 (S.D. W. Va. Mar. 29, 2004)(finding the court lacked jurisdiction

>over a similar claim against the United States for indemnification from a defective bridge because of derivative jurisdiction).

(# 3, Ex. 2).

On February 9, 2006, the Clerk's Office received and filed a document entitled "Motion to Hold in Abeyance, Prospective Relieve, Terminate Protective Order, and Memorandum Opinion and Order by Plaintiff re: Objection to F.R. Civ. P. 12(b)(1) Defendant's Motion of Dismissal re: 28 U.S.C. 1442(a)(1)" (# 5)(which the undersigned will treat as "Plaintiff's Response to Defendant's Motion to Dismiss").  This document is somewhat confusing.  However, the undersigned construes the document to assert that the Wood County Magistrate Court did have proper jurisdiction over Plaintiff's claim, and that sovereign immunity does not apply, because it was Plaintiff's intent to sue Darrell Harper in his individual, rather than his official, capacity. (# 5 at 1-2).

Section 1442(a)(1) provides, however, that removal under that section is appropriate whenever a government official is sued in state court, whether or not the official is sued in his official or individual capacity:

>**§ 1442.  Federal officers or agencies sued or prosecuted**
>
>(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>>(1) The United States or any agency thereof or any officer (or any person acting under that

4

>       officer) of the United States or of any agency
>       thereof, sued in an official <u>or individual</u>
>       capacity for any act under color of such
>       office or on account of any right, title or
>       authority claimed under any Act of Congress
>       for the apprehension or punishment of
>       criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1)(emphasis added).

    Thus, it does not matter that Plaintiff's intent was to sue Darrell Harper in his individual capacity.  Mr. Harper is an employee of the United States government and the claims stated in Plaintiff's complaint are tort claims that must be pursued against the United States under the FTCA, over which this federal court has original jurisdiction.  There was never any basis for jurisdiction in the state court.

    Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, based upon the sovereign immunity of the United States and the doctrine of derivative jurisdiction, this federal court lacks subject matter jurisdiction over Plaintiff's claims.  Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 2), and dismiss this matter with prejudice.

    Plaintiff's Response also makes a request for appointment of counsel (# 5 at 2).  It is respectfully **RECOMMENDED** that the request for appointment of counsel be **DENIED AS MOOT.**

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED** in each of the above-referenced civil actions, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

|  |  |
|---|---|
| February 17, 2006<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |